FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAY 23  P 3: 26

CLERK'S OFFICE
AT GREENBELT

| | |
|---|---|
| **RONICA JOHNSON**, *et al.* | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *  Civil No.: **PJM 16-2154** |
| | * |
| **HEARTLAND DENTAL, LLC** | * |
| | * |
| Defendant | * |

## MEMORANDUM OPINION

Ronica Johnson, Rachel Lockwood, and Shaketa Robinson ("Plaintiffs") have brought this suit against Heartland Dental, LLC ("Heartland"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs have each accepted offers of judgment pursuant to Fed. R. Civ. P. 68, which the parties now ask the Court to approve.[1]

For the reasons that follow, the Court finds that the accepted offers of judgment constitute a fair and reasonable resolution of a *bona fide* dispute and the requested attorneys fees are reasonable. The Court therefore **GRANTS** the Joint Motion for Approval of the Acceptance of Offers of Judgment and Award of Attorney's Fees and Costs, ECF No. 27, and **DISMISSES WITH PREJUDICE** the Complaint, ECF No. 1.

---

[1] As will be discussed further *infra*, courts are required to review settlements of claims brought under the FLSA for reasonableness. The Court, in accord with other judges in the District of Maryland, evaluates accepted offers of judgment in FLSA cases as if they were proposed settlements. *See Acevedo, et al.v. Phoenix Preservation Group, Inc., et al.*, No. PJM 13-3726 (D. Md. March 16, 2015); *Banegas v. Gen. Lawn Serv. Corp.*, No. GJH-13-3728 (D. Md. July 17, 2014); *Selvin Elvir Reyes, et al. v. Thomas Clime, et al.*, No. PWG-14-1908 (D. Md. Dec. 17, 2014).

Factual and Procedural Background

Heartland is a large dental support organization that provides staff and other services to dental offices in 33 states. ECF No. 12 ¶ 7. Johnson worked for Heartland as a salaried office manager and was assigned to a dental office in Mitchellville, Maryland from approximately June 2014 until May 2016. ECF No. 27-4 ¶ 4.

Johnson filed a Complaint on June 16, 2016 that included a collective action claim under the FLSA on behalf of "[a]ll individuals who worked as salaried Office Managers for Defendant and were classified as exempt from the FLSA since June 16, 2013," *id.* ¶ 21, alleging that salaried office managers regularly worked more than 40 hours per week and were improperly classified as exempt from overtime premium payment, unlike hourly office managers who, she claims, performed essentially the same function. *Id.* ¶¶ 15, 16.

Lockwood joined the suit on June 30, 2016, ECF No. 4, and Robinson joined the suit on October 3, 2016, ECF No. 13. On November 10, 2016, the parties notified the Court that Johnson had accepted an offer of judgment of $17,382.00, ECF No. 17 at 3 and Lockwood had accepted an offer of judgment of $8,208.13, *id.*, pursuant to Fed. R. Civ. P. 68. Parties notified the Court that Robinson had also accepted an offer of judgment of $2,500.00 on November 23, 2016, ECF 20 at 1, after rejecting the first offer presented to her by Heartland. The offers of judgment did not contain any admissions of liability.

On December 4, 2016, Heartland filed a Consent Motion to Enter Judgment Under Rule 68. ECF No. 21.[2] The Court responded in a Memorandum Order dated February 23, 2017,

---

[2] This Motion is still pending before the Court. Because the Court will **GRANT** the later-filed Joint Motion for Approval of the Acceptance of Offers of Judgment and Award of Attorney's Fees and Costs, ECF No. 27, the Court finds that it is **MOOT**.

finding that in the FLSA context, Rule 68 offers of judgment must be reviewed as if they were settlements and asking the parties to submit the appropriate materials so that the Court could make an evaluation. ECF No. 25.

On March 10, 2017, parties filed a Joint Motion for Approval of the Acceptance of Offers of Judgment and Award of Attorney's Fees and Costs. ECF No. 27.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from the significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must reflect a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."

Also pending before the Court is Plaintiff's Motion to Modify the Initial Scheduling Order, ECF No. 18, which the Court **GRANTS**.

*Beam*, 2015 WL 4065036, at \*3 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.*

### III.

### *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the court examines the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at \*16–17.

In this case, the parties dispute whether the salaried office manager's position was appropriately classified by Heartland as exempt from overtime. See ECF No. 1 ¶ 10 ("To the best of Plaintiff's knowledge, information, and belief for the applicable statutory time period, the job duties of all [salaried] Office Managers and [hourly] Office Managers for Defendant were in all material aspects the same."); *contra* ECF No. 12 ¶ 10 (Deny.). The FLSA provides that "any employee employed in a *bona fide* executive, administrative, or professional capacity" can be classified as exempt from premium overtime payments. 29 U.S.C. § 213 (a)(1). Whether the salaried office manager position qualifies for the administrative exemption is under dispute.

They also dispute whether salaried office managers worked more than 40 hours a week. ECF No. 1 ¶ 16 ("Like other [salaried] Office Managers, Plaintiff regularly worked over 40 hours in a week. In fact, Plaintiff was scheduled to work at least 45 hours each week."); *contra* ECF No. 12 ¶ 16 ("Deny.").

The parties thus stipulate, and the Court finds, that a *bona fide* dispute exists as to Heartland's liability under the FLSA.

## IV.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, the court must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) The extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Id.*

*Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 1:08CV131 0(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)(quoting *Flinn v. FMC Corp.,* 528 F.2d 1169, 1173 (4th Cir.1975)). Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the accepted offers of judgment are a fair and reasonable resolution of the parties' *bona fide* dispute.

The extent of the discovery that has taken place is important to the Court because "it ordinarily assures sufficient development of the facts to permit a reasonable judgment on the possible merits of the case." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). However, parties may settle an FLSA case at an early stage, before discovery, provided that the plaintiff has had sufficient opportunity to evaluate the viability of claims and the potential range of recovery. *Saman v. LBDP, Inc.,* No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *4 (D. Md. June 13, 2013).

In this case, formal discovery has not yet begun. However, in preparing the offers of judgment, Defendants estimated the number of hours that the Plaintiffs worked based on

"discussions with the Plaintiffs as well as a review of the overtime hours recorded in weeks that they were paid as hourly/overtime eligible office managers.[3]" ECF No. 27-1 at 3. Likewise in preparing to advise their clients on whether to accept the offer of judgment "[p]laintiffs' counsel asked the Defendant to provide pertinent payroll data for all three Plaintiffs." *Id.*

This exchange of payroll data gave both parties an approximate idea of how much Plaintiffs worked, which allowed them to estimate the potential damages in the case and permit "a reasonable judgment on the possible merits of the case." *Flinn v. FMC Corp.*, 528 F.2d at 1173; *see also Saman v. LBDP, Inc*, 2013 WL 2949047, at *4 (D. Md. June 13, 2013)("[a]lthough the parties agreed to settle at an early stage in the proceedings and before conducting any formal discovery, they represent that Defendants produced payroll records in connection with mediation and that all counsel are 'satisfied that they have had ample opportunity to evaluate and consider the viability of claims and defenses raised in this case.'")(internal citations omitted). This suggests that the settlement is fair and reasonable.

Similarly, though the proceedings are still in their early stages, the expected complexity, expense and duration militate towards approving the accepted offers of judgment. Parties have a long way to go in this case -- they not yet begun to take the necessary steps to move for conditional certification of their collective, noticed or joined (most) potential collective members, engaged in discovery, or litigated on the merits. The parties assert that these steps would have made "possible that this litigation would have the continued for several years requiring significant resources by both sides." ECF No. 27-1. Based on the Court's experience with similar cases, it agrees.

---

[3] The Complaint alleges, and Heartland doesn't appear to dispute, that at some point in during the Plaintiffs' employment, it reclassified Plaintiffs as hourly office managers who were eligible for overtime. Heartland did not keep records of the Plaintiffs' hours while they were salaried so it apparently used the average number of hours Plaintiffs worked while hourly non-exempt employees – 47.5 – to formulate offers of judgment. ECF No. 27-1 at 3.

Compounding the risk and possible expense – at least for the Plaintiffs – is the fact that Heartland presented them with offers of judgment. Pursuant to Fed. R. Civ. P. 68(d), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). This means that had they gone forward with litigation, and received less than Heartland's current offer, Plaintiffs would have been liable for Heartland's litigation expenses from this point forward. The complexity, expense, likely duration and potential risk of the litigation suggest that this is a fair and reasonable disposition, even at this early stage in the proceeding.

In addition, the form of this settlement belies any possibility for collusion. The offers of judgment were presented by the Defendants to the Plaintiffs without prior notice – there was no negotiation, so this factor, too, suggests that the settlement is fair and reasonable.

Finally, the approval of the experienced counsel for both parties, as well as the individual assent of all three Plaintiffs, demonstrates that the settlement is fair and reasonable. As will be described *infra*, counsel for the Plaintiffs have been involved in dozens of individual and collective employee-related lawsuits, including FLSA suits. Based on this experience, they represent that "this [settlement] represents a significant recovery in light of Defendant's anticipated defenses in this case." ECF No. 27-1 at 11. In addition, as a collective action has not yet been certified, the Plaintiffs each examined, considered and approved their individual settlement, as counseled by their lawyers. They each found the offers of judgment fair and reasonable, and so, too, does the Court.

## V.

### Attorneys' Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014)(quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are deemed reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed. *Saman*, 2013 WL 2949047, at *7.

Plaintiffs' counsel charged reasonable hourly rates for their services. The law firm of Winebrake and Santillo, LLC ("W&S") billed a total of $17,636.00 for 55.3 hours of work by partners Peter Winebrake and R. Andrew Santillo and associate Mark J. Gottesfeld.[4] ECF No. 27-2 at 7. Winebrake billed 2.4 hours at a rate of $400 per hour for a total of $960.00, Santillo billed 47.3 hours at a rate of $320 per hour for a total of $15,136.00, and Gottesfeld billed 5.6 hours at a rate of $275 per hour for a total of $1,540. *Id.* The firm requested costs of $158.40 for photocopying and service of process fees. *Id.*

The law firm of Joseph, Greenwald & Laake, P.A. billed a total of $17,511.00 for 44.90 hours of work. All the work was done by Brian Markovitz, who billed at a rate of $390 per hour.[5] The firm requested reimbursement for $1,830 in costs for court fees and to reimburse the costs of their legal research.

Plaintiffs' counsel spent a reasonable number of hours on the case. Together they spent a total 100.2 hours on the matter, investigating and writing the Complaint, joining additional plaintiffs, reviewing and counseling the Plaintiffs on the offers of judgment, and drafting, at the Court's request, the present motion. The Court finds this expenditure of time to be reasonable.

The lodestar analysis would thus suggest that Plaintiffs' counsel are entitled $35,147.00. The parties' settlement of $27,500.00 in attorney's fees and costs is well below that amount. The Court therefore finds that the attorneys fees and costs requested are reasonable.

---

[4] The rates billed by the Winebrake and Santillo attorneys conform to Appendix B. Winebrake has been a member of the New York bar since 1993 and the Pennsylvania bar since 1997 entitling him to a fee of $300-$475 per hour. Santillo has been a member of the Pennsylvania and New Jersey bars since 2004 entitling him to a fee of $225-$350 per hour. Gottesfeld has been a member of the Pennsylvania and New Jersey bars since 2009 and the New York bar since 2010 entitling him to a fee of $165-$300 per hour.

[5] Markovitz's bills also conform to the Local Rules. He was admitted to the Maryland Bar in 2000. ECF No. 27-1 ¶ 2. A lawyer with 15-20 year of experience is permitted to bill $275-$425 per hour.

Conclusion

For the foregoing reasons:

The Joint Motion for Approval of the Acceptance of Offers of Judgment and Award of Attorney's Fees and Costs, ECF No. 27 is **GRANTED** and the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

**FINAL JUDGMENT** is awarded in favor of Ronica Johnson and against Heartland in the amount of $17,382.96; in favor of Rachel Lockwood and against Heartland in the amount of $8,208.13; and in favor of Shaketa Robinson and against Heartland in the amount of $2,500.00;

**FINAL JUDGMENT** for attorneys fees in the amount of $27,500.00 is **ENTERED** in favor of Plaintiffs' counsel and against Heartland;

The Plaintiffs' Motion to Modify the Initial Scheduling Order, ECF No. 18, is **GRANTED**;

The Consent Motion to Enter Judgment Under Rule 68, ECF No. 21, is **MOOT**;

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May** 23 **, 2017**